JIMMIE L. ELTON V. STATE.

No. 26,040. November 19, 1952.

*Croslin & Pharr*, by *E. G. Pharr*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant has been assessed the maximum penalty of a fine of $2,000 and two years in jail as a second offender (Art. 61, P. C.) for violating the liquor laws of this state.

It is insisted that the information does not authorize the judgment.

Count one of the information alleges the possession for the purpose of sale of whisky and beer in Hockley County, a dry area, on or about March 27, 1952. This count is valid, and not subject to attack.

The second count charges, in effect, that appellant had been convicted on September 21, 1951, in Cause #15339 in the COUNTY COURT OF LUBBOCK COUNTY, TEXAS, of an offense of like character, to-wit: possessing whisky and gin for the purpose of sale in a dry area.

The claimed defect in this count is that on said date the COUNTY COURT OF LUBBOCK COUNTY, TEXAS, did not have jurisdiction to try criminal cases, and, therefore, any judgment rendered by that court in a criminal case on the date alleged would be void for the want of jurisdiction.

By Chap. 16, Acts of the 1st Called Session of the 51st Legislature, in 1950, and appearing as Art. 1970-340, Vernon's R. C. S., effective March 11, 1950, the legislature of this state created what was to be known as the COUNTY COURT OF LUBBOCK COUNTY AT LAW, with criminal jurisdiction of all offenses accorded to county courts, under the general laws of this state.

The county court of Lubbock County, Texas, was not abolished by the act, but the jurisdiction thereof was expressly curtailed and limited to probate and juvenile matters.

So, then, we have two separate and distinct county courts in Lubbock County, each operating within its respective jurisdiction and under its respective name and designation.

There is no escape from the conclusion, therefore, that in alleging that the prior conviction occurred in the county court of Lubbock County, the state relied upon a judgment rendered by a court without jurisdiction to render that judgment. The judgment of a court without jurisdiction is a nullity, and is void.

What conclusion, then, should this court reach, under the circumstances stated? Should we say that the state meant and intended to allege that the prior conviction occurred in the county court at law of Lubbock County, Texas, and that, by such process of reasoning, this court should change the infor-

mation to so read? If we were to do so, we would then write for the state the information in this case. Obviously, we have no power or authority to do so.

Moreover, the presumption attains that the evidence supported the allegations of the information. There is nothing before this court to the contrary.

In its final analysis, then, the only construction to be given to this record is that appellant's punishment has been enhanced by reason of a prior void judgment of conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the court.